# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| MOSES EUGENE BARKER, | ) | |
| | ) | |
| | ) | No. 18-1446C |
| Plaintiff, | ) | (Filed: January 15, 2019) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Moses Eugene Barker*, Wilmington, CA, pro se.

*Matthew P. Roche*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, J.**

On September 17, 2018, Plaintiff Moses Eugene Barker, proceeding pro se, filed a complaint in this court. Docket No. 1. On the same date he also filed an application to proceed in forma pauperis. Docket No. 4. On October 26, 2018, the government filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Docket No. 6. The government argues that Mr. Barker has failed to meet his burden to establish subject-matter jurisdiction, and that even if the Court were to determine it had jurisdiction, Mr. Barker has failed to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss ("Def.'s Mot.") at 5–7.

For the reasons discussed below, Mr. Barker's application to proceed in forma pauperis is **GRANTED**. However, because the Court finds that it lacks subject-matter jurisdiction over his complaint, the government's motion to dismiss is **GRANTED** and the case will be dismissed in its entirety.

## I.   Mr. Barker's Application To Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is

unable to pay such fees or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours, 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security therefor and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff") (internal quotation omitted).

Here, Mr. Barker states in his application that his only source of income in the past twelve months was $784.00 from the Social Security Administration. Pl.'s Application To Proceed In Forma Pauperis at 2. Mr. Barker has also listed several large debts along with continuing child support obligations. Id. Under these circumstances, Mr. Barker has sufficiently demonstrated that he is unable to pay the court's pre-filing fees. His application to proceed in forma pauperis is therefore **GRANTED**.

## II.   The Government's Motion To Dismiss

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

Mr. Barker has not filed a response to the government's motion to dismiss, notwithstanding that his response was due on November 26, 2018. Although the Court could have issued a show-cause order and subsequently dismissed for failure to prosecute, it also has an independent obligation to satisfy itself of its jurisdiction and may raise subject-matter jurisdiction sua sponte at any time. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having considered the complaint and the government's motion, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.[2]

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

[2] Mr. Barker previously filed a separate complaint in this court on August 30, 2018. See Compl., Barker v. United States, No. 18-1338 (Fed. Cl. Aug. 30, 2018). On January 3, 2019, Chief Judge Sweeney dismissed that complaint for failure to prosecute, after Mr. Barker failed to respond to the government's motion to dismiss and did not respond to a show-cause order concerning the lack of response. Order, Barker v. United States, No. 18-1338 (Fed. Cl. Jan. 3, 2019). Although Mr. Barker has similarly failed to respond to the government's motion to dismiss in this case, the

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States.") (citation omitted).

Mr. Barker's complaint is largely unintelligible. As summarized by the government, "it appears that Mr. Barker is attempting to sue the United States for reasons relating to his August 2018 arrest in Santa Cruz, California, most likely by an officer or officers of the Santa Cruz Police Department (i.e., local, not State or Federal, law enforcement), and/or the garnishment of his Social Security disability benefits to pay a child support debt." Def.'s Mot. at 3. To the extent any federal entities are mentioned in the complaint, Mr. Barker makes vague allegations naming the FBI, among others: "I am complaining that: the United States, and its[] 'State of California' and its[] 'Federal Bureau of Investigation' are irrational, and extortionate, by garnishing my disability insurance of the U.S. Social Security Administration." Compl. at 1.[3] Mr. Barker also references a "federal debt," which appears to relate to either child support obligations or "an excessive bail amount" in connection with a state criminal case, #LA083324. Id. at 2. The Court takes judicial notice of the government's representation that the complaint "refers to a criminal matter in the Los Angeles Superior Court, Van Nuys Courthouse, Case No. LA083324." Def.'s Mot. at 2. In other words, the criminal case referenced is in state, not federal, court.

It is thus clear from the face of Mr. Barker's complaint that the Court lacks subject-matter jurisdiction. The United States is the only proper defendant in the Court of Federal Claims and the Court does not have jurisdiction over any other defendants. See United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Del Rio v. United States, 87 Fed. Cl. 536, 539 (2009). Mr. Barker's complaint, however, is for the most part targeted at state and local government actors such as the Santa Cruz-San Benito County Regional Department of Child Support Services, the State of California, and state and local law enforcement authorities who arrested him. See generally Compl. These claims, against parties other than the United States, are **DISMISSED**.

Further, there is no discernible allegation against the federal government. Construing the complaint liberally, Mr. Barker has possibly attempted to make some type of claim against the FBI and perhaps the Social Security Administration by invoking the names of those two

---

Court finds a similar show-cause order unnecessary here because, in any event, it lacks subject-matter jurisdiction and therefore dismisses this action on that basis.

[3] These allegations are written entirely in capital letters. The Court has therefore altered Mr. Barker's capitalization.

organizations. See Compl. at 1. However, Mr. Barker has fallen far short of identifying any "money-mandating" source of substantive law giving him a "right to money damages," as required for Tucker Act jurisdiction. See Jan's Helicopter Serv., 525 F.3d at 1306; see also Rick's Mushroom Serv., Inc., 521 F.3d at 1343.

For these reasons, the Court lacks subject-matter jurisdiction over Mr. Barker's complaint, as he: (1) makes several allegations against non-federal actors; and (2) any other allegations against federal actors fail to identify a separate source of substantive law providing for money damages. Accordingly, the government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Mr. Barker's complaint is **DISMISSED without prejudice**. The clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge